# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re:<br><br>TRISTAN E. INNISS,<br><br>                              Debtor. | Chapter 13<br><br>Case No. 24-13576 (DJB)<br><br>Hearing Date: 4/24/2025 at 11:00 a.m.<br>Location: ZOOMGOV.com<br>            Meeting ID: 161 0657 4791 |

**MOTION OF TRUMARK FINANCIAL CREDIT UNION FOR AN ORDER
GRANTING RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362(d)
AND THE CO-DEBTOR STAY UNDER 11 U.S.C. § 1301(c)
AND A WAIVER OF THE FOURTEEN DAY STAY**

TO:    THE HONORABLE DEREK J. BAKER,
       UNITED STATES BANKRUPTCY JUDGE

The motion of TruMark Financial Credit Union ("TruMark"), by and through its undersigned attorneys, for an order granting relief from the automatic stay pursuant to 11 U.S.C. §§ 362(d) and 1301(c) and Rule 4001(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and a waiver of the fourteen (14) day stay of such an order pursuant to Bankruptcy Rule 4001(a)(3) (the "Motion"), respectfully represents as follows:

## BACKGROUND

1.      On June 16, 2021, TruMark made certain loans, advances, and extensions of credit to Tristan E. Inniss (the "Debtor") in an amount not to exceed Thirty-Five Thousand One Hundred and 00/100 Dollars ($35,100.00) (the "Loan") pursuant to the terms of that certain HomEquity Open-end Credit Plan (the "Note").

2.      In consideration for the Loan, the Debtor and Linda Inniss (together, the "Mortgagors") gave to TruMark a mortgage dated June 16, 2021 (the "Mortgage" and, together with the Note, the "Loan Documents") secured by a lien on that certain real property known as and located at 3841 N. Gratz Street, Philadelphia, PA 19140 (the "Property"). The Mortgage was

recorded with the Philadelphia County Recorder of Deeds on September 10, 2021 at Document No. 53877940.

3. On October 4, 2024 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

4. As of the Petition Date, TruMark held a claim on account of the Loan secured by the Property in an amount no less than Forty-Seven Thousand Five Hundred Five and 40/100 Dollars ($47,505.40) (the "Claim"). Included in the Claim is Eleven Thousand Four Hundred Twenty-Two Thousand and 13/100 Dollars ($11,422.13) in pre-petition arrears due and owing to TruMark from the Debtor on account of the Loan. Proof of this Claim was filed with this Court on October 18, 2024, which Claim is incorporated herein by reference as if set forth fully herein.

5. The Debtor has failed to make any post-petition payments to TruMark on account of the Loan. To that end, and following the Petition Date, five (5) payments of Two Hundred Fifty-Seven and 00/100 Dollars ($257.00) came due and owing on the Loan on the 28th day of October 2024 through the 28th day of February 2025 and remain unpaid. There are now also Thirty Eight and 55/100 Dollars ($38.55) in late charges due and owing. On a post-petition basis, the Debtor now owes no less than One Thousand Three Hundred Twenty-Three and 55/100 Dollars ($1,323.55), exclusive of attorneys' fees and court costs, which total another One Thousand Five Hundred Forty-Nine and 00/100 Dollars ($1,549.00). Another payment in the amount of Two Hundred Fifty-Seven and 00/100 Dollars ($257.00) will also become due and owing on account of the Loan on March 28, 2025.

6. For the reasons hereinafter set forth, TruMark is entitled to the entry of an order granting TruMark relief from the automatic stay.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

7. Section 362(d) of the Bankruptcy Code provides that, on request of a party in interest and after notice and a hearing, the Court shall grant relief from the automatic stay of Section 362(a) of the Bankruptcy Code for cause. See 11 U.S.C. § 362(d)(1).

8. While the term "cause" is not explicitly defined, it includes a lack of adequate protection of an interest in property. See id.

9. As noted by the Third Circuit Court of Appeals, the language of Section 362(d) of the Bankruptcy Code is mandatory. See In re Indian Palms Assocs., Ltd., 61 F.3d 197, 208 (3d Cir. 1995).

10. The Debtor is in default of his obligations under the Note by reason of his failure to make both pre-petition and post-petition payments to TruMark as and when they came due.

11. These circumstances constitute cause within the meaning of Section 362(d)(1) of the Bankruptcy Code justifying relief from the automatic stay. See In re Tainan, 48 B.R. 250, 252 (Bankr. E.D. Pa. 1985) ("A debtor's continued failure to maintain regular payments to a secured creditor is sufficient to entitle a creditor to a modification of the stay").

12. The Bankruptcy Code also dictates that "a creditor may not act, or commence or continue any civil action, to collect all or any part of a consumer debt of the debtor from any individual that is liable on such debt with the debtor, or that secured such debt." 11 U.S.C. § 1301(a).

13. However, "on request of a party in interest and after notice and a hearing, the court shall grant relief from the stay…to the extent that…the plan filed by the debtor proposes not to pay such a claim." Id. at (c)(2).

14. Furthermore, relief from the stay shall be granted if "such creditor's interest would be irreparably harmed by continuation of such stay." Id. at (c)(3).

15. The Mortgagors are both liable to TruMark under the terms of the Mortgage.

16. TruMark's interest would therefore be irreparably harmed by the continuation of the automatic stay as to Linda Inniss if it was granted relief from the stay to protect its interest in the Property as to the Debtor only.

17. Accordingly, TruMark should be granted relief from the automatic stay as to both of the Mortgagors to enforce its *in rem* rights with respect to the Property in accordance with state law.

## CONCLUSION

18. For the foregoing reasons, TruMark respectfully requests that this Court enter an order granting TruMark relief from the automatic stay.

19. WHEREFORE, TruMark Financial Credit Union respectfully requests the entry of an order granting the relief requested herein, together with such other and further relief as is just and proper.

    Respectfully submitted:

    KLEHR | HARRISON | HARVEY | BRANZBURG LLP

By:   */s/Corinne Samler Brennan*
    Corinne Samler Brennan, Esquire
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    Telephone: (215) 569-3393

    *Counsel to TruMark Financial Credit Union*

Dated: March 26, 2025